**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CORRIE RAVENELL, | Civil No. 05-5454 (FLW) |
| Petitioner, |  |
| v. | **OPINION** |
| DEVON BROWN, et al., |  |
| Respondents. |  |

**APPEARANCES:**

> CORRIE RAVENELL, #855986B
> Southern State Correctional Facility
> P.O. Box 150
> Delmont, New Jersey  08314
> Petitioner Pro Se

**WOLFSON**, District Judge

Corrie Ravenell filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a sentence imposed by the State of New Jersey.  Having thoroughly examined Petitioner's grounds for relief and supporting factual assertions, the Court summarily dismisses the Petition without prejudice for failure to exhaust state court remedies, and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254.

### I.   BACKGROUND

Petitioner challenges a conviction based on his plea of guilty to receiving stolen property and violation of probation, entered on October 12, 2004, and December 3, 2004, in the

Superior Court of New Jersey, Law Division, Camden County.  The trial judge imposed a three-year sentence.  Petitioner asserts that he did not appeal.  Petitioner alleges that he raised the claims asserted in this Petition in the Superior Court of New Jersey, Law Division, by letter dated July 22, 2005.  He states that the trial judge denied relief by letter dated August 2, 2005, and he did not file an appeal.

> The Petition raises four grounds, which are quoted below:
>
>> Ground One:  Violation of Plea Agreement and Court Order.
>>
>> Ground Two:  Illegal Transfer.
>>
>> Ground Three:  Illegal Incarceration.
>>
>> Ground Four:  Not Released in a Timely Manner After Being Paroled by New Jersey Parole Board and Plan Accepted by Board Panel.

(Pet., Grounds One to Four.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d

2

Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.

### III.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254 further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 125 S.Ct. at 1534 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the state's highest court. See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Castille, 489 U.S.

4

at 350-51; Rose, 455 U.S. at 515; Picard, 404 U.S. at 275; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29.  To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Law Division, the Appellate Division, and in a petition for certification filed in the New Jersey Supreme Court.  See Toulson, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-277).  The habeas petitioner carries the burden of proving total exhaustion.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the face of the Petition shows that Petitioner did not present any of his claims to either the Appellate Division of the Superior Court of New Jersey or to the New Jersey Supreme Court.  Petitioner states on the face of the Petition that he did not appeal the conviction or the sentencing court's denial of his motion for post conviction relief.  Thus, Petitioner has not exhausted his claims before all three levels of the New Jersey courts.  Unless exhaustion is excused or the Petition does not raise even a colorable federal claim, § 2254 imposes a duty on this Court to dismiss the Petition without prejudice as unexhausted.  Lambert at  515; 28 U.S.C. § 2254(b)(1).

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489

U.S. 255 (1989).[1]  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

---

[1] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword.  When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).  Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. However, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation, the Third Circuit reversed and remanded.[2] The Third Circuit instructed the

---

[2] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to
(continued...)

district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted where a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by N.J.Ct.R. 3:22-4.  Under those circumstances, exhaustion was excused.  However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claim.  Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims. Applying Toulson and Cabrera, this Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed."  Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

---

²(...continued)
relaxation.  See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138. Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

## C. Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of

10

appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, Petitioner asserts that the State breached the plea agreement, which provided that Petitioner was to serve

11

his New Jersey and Colorado sentences concurrently in the State of Colorado.  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262 (1971).  A question exists as to whether the petitioner has stated a colorable due process claim under Santobello.  See Dunn v. Colleran, 247 F.3d 450 (3d Cir. 2001).  Thus, the Court may not reach and dismiss the Petition on the merits pursuant to § 2254(b)(2).  Lambert, 134 F.3d at 515.

Because Petitioner has not exhausted any of the grounds which he presents under § 2254, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights, and because the Petition raises at least one colorable federal claim, the Court is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies.  See 28 U.S.C. § 2254(b) and (c).[3]

D.  Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or

---

[3] If Petitioner wants this Court to consider his federal grounds, he will have to first present them to all three levels of the New Jersey courts.  After doing so and subject to the one year statute of limitations under 28 U.S.C. § 2244(d) and the "in custody" requirement, he may then present them to this Court in a § 2254 petition.

incorrect, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000); Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV. CONCLUSION

The Court dismisses the Petition without prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


       S/Freda L. Wolfson
       FREDA L. WOLFSON, U.S.D.J.

DATED:   April 11 , 2006